**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

DAVID LIBRACE PLAINTIFF

v. NO. 2:14-cv-00089 JLH/HDY

CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration DEFENDANT

**FINDINGS AND RECOMMENDATION**

INSTRUCTIONS

The following findings and recommendation have been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to these findings and recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendation. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, Arkansas 72201-3325

RECOMMENDATION

Plaintiff David Librace ("Librace") commenced the case at bar by filing a pro se complaint pursuant to 42 U.S.C. 405(g). In the complaint, he challenged the denial of his claim for disability insurance benefits made by an Administrative Law Judge ("ALJ"). As a part of the complaint, Librace alleged that he had attempted to appeal the denial of his claim to the Appeals Council but the Acting Commissioner of the Social Security Administration ("Commissioner") had either failed to process Librace's appeal or had simply rejected it without notifying him.

The Commissioner thereafter filed the pending motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). See Pleading 9. In the motion, the Commissioner asked that Librace's complaint be dismissed because it is premature and the Court lacks jurisdiction. The Commissioner maintained that Librace commenced this case before receiving a final decision from the Appeals Council regarding his request for review. The Commissioner supported her motion with several exhibits, one of which was Librace's request that the Appeal Council review the ALJ's adverse decision.

Librace filed a response to the Commissioner's motion and accompanied the response with several exhibits. See Pleading 11. In the response, Librace appeared to maintain that the Appeals Council has no record of his request for review, and he therefore filed his complaint within sixty days of filing his request for review in an attempt to preserve his right to judicial review.

The Commissioner thereafter filed a reply to Librace's response and accompanied the reply with several exhibits. See Pleading 14. In the reply, the Commissioner maintained that Librace "misstates the [sixty] day requirement." See Pleading 14 at 1. The Commissioner offers the following explanation in support of her assertion:

> An individual may request Appeals Council review of an ALJ's decision within 60 days after the date an individual receives notice of the ALJ's decision. See 20 C.F.R. §404.968(a)(1). The Appeals Council may review an ALJ's decision on its own motion. See 20 C.F.R. § 404.969(a). If the Appeals Council decides to review a case on its own, the Appeals Council will send the claimant a notice within 60 days after the date of the ALJ's decision. Id. However, the regulations do not require the Appeals Council to respond to a request for review within 60 days, as Plaintiff suggests in his Motion for Sanctions. Furthermore, Plaintiff has 60 days to file an action in federal court after the Appeals Council issues a decision in his case. See 20 C.F.R. § 404.981.
>
> Here, Plaintiff filed his complaint within 60 days after he filed his request for review with the Appeals Council. But Plaintiff filed his complaint in federal court before the Appeals Council issued a decision on Plaintiff's request for review. Therefore, Plaintiff's complaint was premature. This Court has jurisdiction pursuant to 405(g) to review the final administrative decision of the Commissioner denying a claim for disability insurance benefits. See 42 U.S.C. § 423(d). In this case, there is no final administrative decision because the Appeals Council has not yet issued a decision on Plaintiff's request for review of the ALJ's unfavorable decision. See Defendant's Motion to Dismiss, Exhibit 1 (Declaration of Roxie Nicoll) (Docket # 9). Therefore, Plaintiff's complaint is premature, and this Court should grant Defendant's Motion to Dismiss.

See Pleading 14 at 2-3. In the declaration cited by the Commissioner, Roxie Rasey Nicoll, a Social Security Administration official, attested to the fact that Librace's request for review was filed with the Appeals Council.

The undersigned reviewed the parties' submissions and determined that some of their exhibits might be considered in addressing the Commissioner's motion to dismiss. Given that possibility, the undersigned elected to treat the motion as one for summary judgment pursuant to Federal Rule of Civil Procedure 56.[1] In accordance with Federal Rule of Civil Procedure 12(d), the parties were given an opportunity to submit additional materials pertinent to the motion for summary judgment. That deadline has passed, and the undersigned now issues the following findings and recommendation.

Before addressing the merits of the Commissioner's motion, the undersigned notes that Librace has filed separate motions for sanctions. See Pleadings 12 and 13. Librace seeks sanctions against the Commissioner and her attorney as a result of their alleged misrepresentations, violations of agency policy, and failure to properly serve pleadings and exhibits. The undersigned recommends that the motion be denied. There is no evidence the Commissioner or her attorney made, or were otherwise aware of, any misrepresentations or the violation of agency policy. Moreover, there is no evidence counsel failed to serve pleading and exhibits.

Turning to the Commissioner's motion for summary judgment, the undersigned has thoroughly reviewed the record and finds the following material facts to be undisputed:

1. On May 14, 2010, Librace filed an application for disability insurance benefits. See Pleading 9, Declaration of Roxie Rasey Nicoll at 2.

---

1 Rule 56(a) provides that summary judgment should be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

2. After Librace's application was denied at the initial stage, he requested and received an administrative hearing before an ALJ. See Pleading 9, Declaration of Roxie Rasey Nicoll at 2.

3. On May 15, 2014, the ALJ denied Librace's claim for benefits because he was not insured for such benefits. See Pleading 9, Declaration of Roxie Rasey Nicoll at 2-3. See also Pleading 9, Declaration of Roxie Rasey Nicoll, Exhibit 4.

4. On June 2, 2014, Librace filed a request for review with the Appeals Council. See Declaration of Roxie Rasey Nicoll at 3. See also Pleading 9, Declaration of Roxie Rasey Nicoll, Exhibit 5.

5. On July 18, 2014, Librace filed the complaint at bar.

42 U.S.C. 405(g) provides, in part, that "[a]ny individual, after any final decision of the Commissioner of the Social Security made after a hearing to which he is a party, ... may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of the Social Security may allow." [Emphasis added]. A "final decision" results only after the individual has exhausted "the prescribed administrative remedies ..." See Sipp v. Astrue, 641 F.3d 975, 979-980 (8th Cir. 2011). The undersigned will not recite the prescribed administrative remedies other than to note the following: if the claimant appeals the denial of his claim to the Appeals Council, he may not seek judicial review until he obtains a "final decision" from the Appeals Council. See Riffe v. Astrue, 2008 WL 4449550 (N.D.Tex. 2008).

Librace has appealed the denial of his claim by filing a request for review with the Appeal Council. There is no evidence that the paperwork he submitted in connection with his appeal has been misplaced or lost. There is also no evidence that the Appeals Council has acted upon his request for review by granting it, denying it, or making some other type of disposition. He simply awaits a "final decision" by the Appeals Council.

Because Librace's request for review to the Appeal Council is in the foregoing posture, it is clear that he has not yet exhausted his administrative remedies.[2] The complaint at bar is therefore premature. His belief that he had sixty days from the filing of his request for review to pursue his judicial remedies is misplaced.

There is no genuine dispute as to any material fact and the Commissioner is entitled to judgment as a matter of law. The undersigned recommends that the motion for summary judgment be granted, Librace's complaint be dismissed because the federal courts lack jurisdiction, and judgment be entered for the Commissioner.[3]

DATED this ___4___ day of November, 2014.

UNITED STATES MAGISTRATE JUDGE

---

2

Although the exhaustion requirement can be waived, there is no reason for waiving it in this instance.

3

Some consideration was given to recommending that the case be stayed until the Appeals Council issues a "final decision." The undersigned elected not to so recommend for two reasons: first, it is impossible to know when the Appeal Council might issue a "final decision," and second, the Appeal Council could remand the case for additional proceedings and make judicial review moot.